## John Ware *versus* James Jackson & al.

When the proceedings, intended for a performance of the condition of a poor debtor's bond, take place before justices having no jurisdiction, they are wholly void.

When provisions are contained in the condition of a poor debtor's bond, unauthorized by the statutes then in force, it is not valid as a statute bond, can be good only at common law, and is subject to chancery.

Since the act of 1842, c. 31, amendatory of the Revised Statutes, was in force, the damages in such cases are again to be assessed by the Court, and not by the jury.

Debt on a bond, dated July 3, 1841, given to procure the release of the principals from arrest on an execution in favor of the plaintiff against them.

The material parts of the bond, and the facts in the case, appear in the opinion of the Court.

*Hutchinson*, for the plaintiff, contended that the justices who undertook to administer the oath were not constituted according to the law in force at the time, and therefore that all their acts were void. *Barnard* v. *Bryant*, 21 Maine R. 206; *Brooks* v. *Adams*, 11 Pick. 441. One of the justices was not disinterested, as that word is defined in the Rev. St. c. 1, § 3, Rule 22.

Ware *v.* Jackson.

The damages are regulated by Rev. St. c. 148, § 39, and by the decision of this Court in the case *Barnard* v. *Bryant*, before cited.

*P. M. Foster,* for the defendants, contended that all objections to the justices were waived by the plaintiff, by his appearing before them, and putting interrogatories.

But if this cannot be considered as a performance of the condition of the bond, because one of them should not have acted, still the damages are to be assessed by a jury. Act of Amendment of 1842, of Rev. St. c. 115, § 78. .

This is not a statute bond, because it contains other and more burdensome provisions to the debtor than the law permits. The damages actually sustained, are all to which the plaintiff is entitled; and it is immaterial whether they are to be assessed by the Court or the jury.

The opinion of the Court was drawn up by

Shepley J. — This is a suit on a poor debtor's bond made before the Revised Statutes took effect, and containing unusual provisions. There was a performance of the condition attempted to be made according to the provisions of those statutes, but it was ineffectual. The examination of the debtor did not take place "before two disinterested justices of the peace and of the quorum," as required by Rev. St. c. 148, § 24. One of those justices was the brother-in-law of one of the debtors, who made a disclosure and took the oath; and he was not disinterested as required by Rev. Stat. c. 1, § 3, Rule 22. The proceedings designed for a performance took place before justices having no jurisdiction and were wholly void.

The condition of the bond provided, that the oath should be taken " before two justices of the peace quorum unus." That the debtor should offer and tender to the creditor " all personal property and real estate, the value of the same to be come at by the appraisal of two disinterested men, to be chosen and designated by said justices who take said disclosure, provided

the parties do not agree to the value," except property exempted from attachment. That the debtor should " give priority to this said demand, unless the said debtor shall be under *bond of an earlier date, on which he has not been discharged by his oath, or by settlement." These provisions of the bond were unauthorized by the statutes then in force. It can be good only as a bond at common law, and is subject to chancery. It has been forfeited by neglect to perform in a legal manner any of the acts required by its condition. By the act of amendment of 1842, c. 31, § 9, of c. 115, § 78, the jury are to assess the damages in actions upon bonds conditioned for the performance of any covenants or agreements. This is not such a bond, as was decided in *Hathaway* v. *Crosby*, 17 Maine R. 448. It is the duty of the Court, upon a hearing in chancery, to assess such damages as the plaintiff shall prove, that he has actually suffered.

The default will remain and the defendants be heard in damages.